SUZANNE SZCZUREK, Plaintiff-Appellant, *v.* THE CITY OF PARK RIDGE, Defendant-Appellee.

First District (5th Division)　No. 80-1464

Opinion filed June 5, 1981.

A. Donald Fishbein and Sidney Z. Karasik, both of Chicago, for appellant.

Paul N. Keller, of Park Ridge, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order of the court dismissing plaintiff's complaint on defendant's motion to strike and dismiss pursuant to sections 33, 45 and 48 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, pars. 33, 45 and 48.) Plaintiff, suing on behalf of herself and others similarly situated, sought injunctive relief against and compensatory damages from defendant, for its failure to provide garbage removal service to Park Ridge condominium owners while providing such service to owners of single-family homes in Park Ridge.

The issues presented for review are: (1) whether the appeal should be dismissed for mootness; (2) whether the Park Ridge Council Policy Statement on refuse removal service is entitled to a presumption of validity; (3) whether Park Ridge's practice of providing refuse removal service from real estate tax revenues to one class of home owners while not providing it to other equally situated taxpayers violates the special legislation prohibition of the Illinois Constitution (Ill. Const. 1970, art. IV, §13) and the equal protection clauses of both the United States and Illinois constitutions; (4) whether the policy of the city of Park Ridge requiring different treatment for condominium owner-occupants is in violation of the policy expressed in the Revenue Act of 1939. Ill. Rev. Stat. 1979, ch. 120, par. 501c—1.

Plaintiff's class action complaint alleged in pertinent part: that plaintiff is a resident of Park Ridge who owns and occupies a condominium apartment; that plaintiff has owned, occupied and paid real estate taxes thereon; that a substantial portion of those taxes are allocated to and received by defendant; that defendant regularly provides garbage and trash pickup service to its single-family residences but pursues a specific policy of not providing such service to its multifamily residences, including condominium multifamily residences; that funds for such service come exclusively from general revenues and property taxes derived from all types of property owners, including owners of condo-

minium multifamily units; that in consequence of this policy, plaintiff and her class have been obliged to pay for private refuse removal service; that defendant's policy, practice and conduct of classifying real estate residence owners and taxpayers who receive such service paid for out of general tax revenue funds from those who do not receive such service is arbitrary, unreasonable and discriminatory in violation of the due process and equal protection clauses of the fourteenth amendment of the United States Constitition and article I, §2 of the Constitution of the State of Illinois.[1]

Defendants filed a motion to strike and dismiss the complaint. The motion alleged that municipal ordinances regulating the collection of garbage are entitled to a presumption of validity; that multiple-dwelling ownership is not a suspect classification under the due process and equal protection clauses of the United States Constitution and the Illinois Constitution; that the right to public garbage collection is not a fundamental right under the due process and equal protection clauses of both the United States Constitution and Illinois Constitution; that a rational basis exists for distinguishing between condominium owners in large multiple-unit residential buildings and owners of single-family housing units in that the owners of large residential buildings with a great amount of garbage have a more effective bargaining power with private scavenger services than owners of single-family dwelling units. Defendant also filed a memorandum of law in support of its motion asserting that defendant's garbage collection practices distinguish between single-family homes and large multiple-unit buildings pursuant to Policy Statement Number 5, approved August 19, 1974, by the City Council of Park Ridge.

Plaintiff filed a memorandum in opposition to defendant's motion. The memorandum asserted that defendant's policy statement was at best a mere resolution and was not entitled to a presumption of validity. Plaintiff further asserted that even assuming *arguendo* the policy statement was entitled to such a presumption, the presumption was rebuttable and in the instant case to extend city paid refuse service to single-family home units, but not to other types of dwellings, such as individual condominium units whose owners also pay real estate taxes was arbitrary, unreasonable and discriminatory.

Defendant filed a reply memorandum stating in pertinent part that Policy Statement No. 5 was a clarification of Ordinance 14—4—6 of the Municipal Code of the City of Park Ridge and that the ordinance and its attendant policy statement were entitled to a presumption of validity.

---

[1] The complaint also alleged the existence of a class which plaintiff contended to represent. However, the recitation of these allegations is unnecessary as the existence of the class is not an issue before us.

The court entered its final order and opinion finding that the Council Policy Statement No. 5 and Ordinance 14—4—6 of the city of Park Ridge were to be accorded equal dignity; that defendant had a rational basis for distinguishing between the refuse service needs of multifamily condominium owners and single-family unit owners in that owners of large residential buildings with a great amount of refuse have a greater bargaining power with private scavenger services than home owners of a single unit. Other justifications for the distinction included: (1) administrative supervision by municipal authorities charged with monitoring contract performance; (2) investment of capital equipment by private scavenger companies; (3) frequency of service to multifamily versus single-family units; and (4) location and method of pickup at multifamily versus single-family units. Accordingly, the court held that plaintiff's equal protection claims necessarily failed. The court also held that plaintiff's special legislation claim failed because a substantial difference in circumstances resulted from the difference in multifamily unit ownership and single-family ownership which were reasonably related to community health and sanitation. Finally, the court held that plaintiff had no grounds for recovery of compensatory damages as taxes not paid under protest are not recoverable.[2] The court then ordered that defendant's motion to dismiss the complaint be granted. Plaintiff appealed and defendant filed a motion to dismiss the appeal which we have taken with the case.

## Opinion

Initially, we address defendant's motion to dismiss the appeal on grounds of mootness. Defendant contends this case is moot because those portions of the Park Ridge Municipal Code challenged in plaintiff's complaint have been repealed in their entirety and amended by the Park Ridge City Council. Plaintiff counters, however, that this appeal is not moot because this court is asked to decide whether the original ordinance and statement of policy were defective and whether the city's practice was illegally discriminatory. Plaintiff further asserts that defendant's amendment does not exonerate it from liability for the discriminatory misconduct which caused plaintiff to suffer substantial damages. Further, if this court should find that the 1963 ordinance and policy statement were unconstitutional, plaintiff is entitled to have her complaint reinstated on the merits, with respect to her prayer for compensatory damages and her prayer for injunctive relief, by which she seeks the court to order defendant to provide her and her class with refuse removal service. Plaintiff has specified in her response to defendant's motion to dismiss this appeal

---

[2] The court also found that plaintiff's due process claims were without merit. However, as plaintiff does not contest this finding on appeal, no discussion of her due process claims is warranted.

and in her brief and oral argument on appeal that she only challenges defendant's previous policy statement and does not challenge the validity of defendant's current amended ordinance relative to garbage collection service enacted subsequent to the initiation of her suit.[3] Therefore, it is within these parameters that the alleged mootness of this appeal must be considered.

■■ The existence of a real controversy is an essential requirement to appellate jurisdiction. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486; *U-Haul Co. v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 410 N.E.2d 286.) An issue becomes moot when, during the time in which appeal is pending, facts occur which make it impossible for the court to give effective relief to any party involved in the suit. *Alper Services, Inc. v. Wilson* (1980), 85 Ill. App. 3d 908, 407 N.E.2d 677.

■■ The passage of the current Park Ridge ordinance has foreclosed the injunctive relief plaintiff has requested. The policy statement on which she bases such relief has been repealed. Although under the new ordinance plaintiff does not receive garbage removal service she has specifically declined in this appeal to challenge the validity of the new garbage service ordinance. While ordinarily it is the duty of the appellate court to review the law as it exists at the time of its decision (*Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825; *Peoples Store v. McKibbin* (1942), 379 Ill. 148, 39 N.E.2d 995), we decline in these circumstances to raise the constitutionality of defendant's new ordinance on our own initiative. Thus, there is no basis upon which the injunctive relief sought by plaintiff can be granted for we could not extend the operation or effect of the current ordinance beyond the intention of the legislative body which enacted it. *People ex rel. Webster v. City of Chicago* (1916), 272 Ill. 451, 112 N.E. 280.

■■ The passage of the Park Ridge ordinance does not, however, foreclose plaintiff's claim for damages. Any alleged right she may have to damages crystalized when defendant under the previous ordinances and policy statement did not provide her with garbage removal service allegedly in violation of Federal and State constitutional equal protection provisions, necessitating that she expend personal resources to provide her own. (*Cf. Phillips Petroleum Co. v. City of Park Ridge* (1958), 16 Ill. App. 2d 555, 149 N.E.2d 344.) Consequently, as plaintiff's claim for damages based on equal protection violations has not been foreclosed by the passage of defendant's new ordinance, a controversy between the parties remains and the case is not moot to the extent of plaintiff's claim for damages. Accordingly, defendant's motion to dismiss this appeal on

---

[3] In response to defendant's motion to dismiss this appeal, plaintiff for the first time challenged the constitutionality of defendant's original 1963 ordinance. However, in oral argument she specifically stated she was not challenging that ordinance.

the grounds of mootness is denied, and we proceed to consider the propriety of the dismissal of plaintiff's complaint.

The opinion of the trial court indicates that although defendant's motion to dismiss plaintiff's complaint was brought pursuant to sections 33, 45 and 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 33, 45, 48), the court granted the motion based on subsection 48(1)(i). The opinion specifically states that plaintiff's complaint is not defective as to form. Rather, the court framed the issue before it as whether the complaint "states a cause of action which is barred by some 'affirmative matter avoiding the legal effect of or defeating the claim or demand' * * *."

■■ Subsection 48(1)(i) allows for the dismissal of an action based on the assertion of affirmative matter which does not appear on the face of the complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).) This subsection is limited by the basic rule that a motion to dismiss admits all well-pleaded facts, but it does not admit conclusions of law, nor conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235.) The alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) To defeat a claim or demand under subsection 48(1)(i), the alleged affirmative matter must negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. See *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148.

Plaintiff's complaint alleges that defendant's classification scheme violates the equal protection clause of the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV) and also violates the equal protection clause of article I, section 2 of the Illinois Constitution. (Ill. Const. 1970, art. I, §2.) This conclusion of law could be refuted by affirmative matter properly alleged in defendant's motion.

The affirmative matter asserted in defendant's motion is that a "rational basis exists for distinguishing between condominium owners in large multiple unit residential buildings and owners of single-family housing units in that the owners of large residential buildings with a great amount of garbage have a more effective bargaining power with private scavenger services than the owners of single-family dwelling units." The allegation that a rational basis exists for the challenged classification scheme can be asserted as grounds for dismissal under section 48(1)(i) of

the Illinois Civil Practice Act. *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256; Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).

In support of its allegation that a rational basis existed for its classification, defendant asserted before the trial court that its garbage service practice was carried out pursuant to an ordinance, namely section 14—4—6 of the Municipal Code of the City of Park Ridge, adopted October 15, 1963, and Council Policy Statement No. 5, approved August 19, 1974, which was intended to clarify that ordinance.

Section 14—4—6 provides:

"Garbage and other refuse shall be collected by the City of Park Ridge in accordance with schedules and regulations announced and made by the Health Administrator. Garbage and refuse produced in stores, restaurants and apartments or other commercial premises must be disposed of by the owner or occupant at his own expense. All garbage and refuse shall be properly disposed of, and kept in a suitable receptacle, in such manner as not to become a public nuisance. The Health Administrator may make such rules and regulations as he deems necessary or advisable for the proper collection and disposal of garbage and other refuse."

Council Policy Statement No. 5, approved August 19, 1974, provides:

"PURPOSE:

To establish the type and level of refuse service to be provided by the City.

RATIONALE FOR POLICY:

The refuse needs of multifamily dwellings and commercial establishments vary considerably from single- or two-family homes and from each other. In the interest of the general welfare it is necessary that these more demanding needs be met on a more frequent or flexible basis than the City can provide.

POLICY STATEMENT:

The City will provide a once per week "normal household refuse" collection and disposal service for single- and two-family homes. The pickup will be at the curbside or alley as appropriate. Special pickup of bulky household items such as sofas, stoves, refrigerators, etc., will be picked up monthly upon specific request. Excluded from special or regular pickup will be construction-type materials including earth, sod, concrete, lumber, etc. This material shall be disposed of at the individual's expense.

Refuse generated from multi-family dwellings (including townhouses and condominiums) and all commercial establishments shall be furnished at the individual owner's expense through a Park Ridge licensed contractor of his choosing."

Defendant also asserts on appeal for the first time the existence of another ordinance relative to garbage removal service in existence at the time of plaintiff's suit, section 5—5—28 of the City Code, which provides:

> "REFUSE REMOVAL: It shall be the duty of the owner, his manager or agent, lessor, lessee or occupant of every building or structure used for multiple-family or commercial purposes to cause to be removed, at his own cost and expense, at least once each week, all refuse produced therein."

Therefore, the next consideration is whether defendant's assertion of its ordinances and policy statement is sufficient to prove the existence of its rational basis, so as to defeat plaintiff's claim of equal protection violations. See *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.

■■ When undertaking an equal protection analysis under either the fourteenth amendment of the Federal Constitution or article I, section 2 of the Illinois Constitution, there is a strong presumption, absent the presence of an inherently suspect classification or of a fundamental right, that a classification scheme established either by statute (*Dandridge v. Williams* (1970), 397 U.S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153; *Hoskins v. Walker* (1974), 57 Ill. 2d 503, 315 N.E.2d 25) or by ordinance is valid. (*Strub v. Village of Deerfield* (1960), 19 Ill. 2d 401, 167 N.E.2d 178.) Both parties agree that neither a fundamental right nor a suspect class is present in the instant case. Further, the burden rests with the challenger to show that the classification is not reasonably related to a stated legislative purpose. (*Minnesota v. Clover Leaf Creamery Co.* (1981), ___ U.S. ___, 66 L. Ed. 2d 659, 101 S. Ct. 715; *Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 319 N.E.2d 782.) A statutory classification will not be declared unconstitutional if any state of facts may reasonably be conceived to justify it (*McGowan v. Maryland* (1961), 366 U.S. 420, 6 L. Ed. 2d 393, 81 S. Ct. 1101), even if the court on its own and independent of the parties conceives of the facts to justify the classification scheme. (See *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 367 N.E.2d 1325; *Spaulding v. Illinois Community College Board* (1976), 64 Ill. 2d 449, 356 N.E.2d 339.) Because the court may on its own initiative under a rational basis test articulate the facts necessary to justify the statutory classification scheme, the question of whether such a classification violates equal protection has been held to be a question of law for the court to determine. *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.

Plaintiff first asserts the court erred in ascribing to Park Ridge Policy Statement No. 5 the same presumption of validity accorded ordinances. However, as long as a resolution is within the grant of legislative power of the municipality enacting it, it is entitled to a presumption of validity and

the burden is on the party attacking it to show its invalidity. (*Contemporary Music Group, Inc. v. Chicago Park District* (1978), 57 Ill. App. 3d 182, 372 N.E.2d 982.) Neither party disputes that the subject matter of this resolution was within the grant of power conferred by the General Assembly. (Ill. Rev. Stat. 1979, ch. 24, par. 11—20—5.) Plaintiff contends, however, that the issuance of a mere resolution is insufficient to effect a permanent rule or conduct of government. Plaintiff insists that to have continuing force and effect such regulation must be accomplished by ordinance.

Plaintiff's argument overlooks the fact, however, that in support of its allegation of the existence of a rational basis in its motion to dismiss, defendant asserted the existence of a city ordinance, section 14—4—6 of its Municipal Code. Further, although unasserted in the trial court, defendant has raised on appeal the existence of a second city ordinance relative to garbage service in effect at the time of plaintiff's suit. Although ordinarily this court would be unable to consider matters outside of the record, judicial notice may be taken of municipal ordinances. (Ill. Rev. Stat. 1979, ch. 51, pars. 48a, 48b; *American National Bank & Trust Co. v. City of Chicago* (1971), 4 Ill. App. 3d 127, 280 N.E.2d 567.) Section 14—4—6 of the Municipal Code of Park Ridge states that the owner or occupant of a building used for apartments or other commercial purposes must dispose of the garbage and refuse produced therein at his own expense. Section 5—5—28 states that the owner or his agent, lessor, lessee or occupant of any building used for multiple-family or commercial purposes shall dispose of the refuse produced therein at his own expense. These two ordinances are not conflicting. Read together the two Park Ridge garbage service ordinances state that the duty of refuse removal for multiple-family and commercial structures rests with the owners, managers, lessors or occupants of those structures.

■■ Plaintiff contends, however, that an existing ordinance may not be amended or modified by resolution and that Policy Statement No. 5 was an invalid modification or amendment of these ordinances because it established a third category required to provide its own refuse service. Plaintiff argues that the policy statement creates the category of condominiums, resulting in a classification based on ownership not contemplated by either ordinance. Under plaintiff's interpretation of the policy statement a condominium, whether free standing or housed within a multiple-family structure, would not receive garbage service strictly because it was a condominium. This interpretation is not sustained by the allegations of plaintiff's own complaint. Paragraph 4 of her complaint states that it is the policy of defendant not to provide garbage service to multiple-family residences, including condominium multifamily residences. It is a general rule of statutory construction that we must presume that a statute is rational and any construction which would bring about an

illogical result must be discarded. (*Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 414 N.E.2d 458.) That principle is instructive here. Clearly the logical interpretation of Policy Statement No. 5 is that multiple-family structures, including those multiple-family structures housing condominiums or townhomes, and structures used for commercial purposes must provide their own garbage removal services. As such, Policy Statement No. 5 neither adds to nor deletes from the practice articulated in the Park Ridge garbage collection ordinances and therefore cannot be viewed as a modification or an amendment of either. Consequently, it is entitled to the same presumption of validity to be accorded the Park Ridge ordinances.

■■ The trial court justified the classification between multiple-family structures and single-family residences set forth in the Park Ridge policy statement and ordinances on the distinction between the nature and type of service needs required by multiple-family structures due to the greater amount of refuse generated by them. As such, defendant's assertion in its motion to dismiss of its ordinances and policy statement which are entitled to a presumption of validity, coupled with the factors articulated by the trial court to justify the classification scheme are sufficient to defeat the equal protection claim asserted in plaintiff's complaint.

Further, the same standard of review applicable to an equal protection analysis under article II of the Illinois Constitution has been held to apply to a special legislation challenge. (Ill. Const. 1970, art. IV, §13; *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 367 N.E.2d 1325.) Accordingly, we are of the opinion that plaintiff's contentions relative to her special legislation challenge must also fail for the reasons mentioned in our discussion of her equal protection claims.

■■ Finally, plaintiff has asserted that defendant's practice and policy of not providing her with refuse removal service is violative of the policy expressed in section 20c—1 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 501c—1), which requires for purposes of taxation that owner-occupied condominiums in counties with a population of 200,000 or more or which classify real property be assessed on the same basis as single-family residences in such counties. The trial court in its opinion did not address this contention and with reason, for there are no allegations in plaintiff's complaint relative to this claim. Accordingly, we decline to address this issue for in exercising appellate jurisdiction a court of review cannot determine an issue not presented in the pleadings. *Year Investments, Inc. v. Joyce* (1965), 62 Ill. App. 2d 173, 210 N.E.2d 66.

For the reasons stated herein, the judgment of the trial court dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

LORENZ and WILSON, JJ., concur.