United States Court of Appeals,

Eleventh Circuit

No. 96-2778

Non-Argument Calendar.

BEAUCLERC LAKES CONDOMINIUM ASSOCIATION, Plaintiff-Appellant,

v.

CITY OF JACKSONVILLE, a municipal corporation, Defendant-Appellee.

June 24, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-1156-CIV-J-20), Harvey Schlesinger, Judge.

Before ANDERSON, EDMONDSON and BIRCH, Circuit Judges.

EDMONDSON, Circuit Judge:

Plaintiff-Appellant Beauclerc Lakes Condominium Association ("Condominium"), on behalf of itself and similarly situated condominium associations, brought this class action in Florida state court against the City of Jacksonville, Florida (the "City"), alleging, among other things, that the City's failure to provide solid waste collection to residential condominiums while providing such service by ordinance to other residential premises was actionable pursuant to 42 U.S.C. § 1983. The City removed the action to federal district court based on federal subject matter jurisdiction and filed a motion to dismiss for failure to state a cause of action. The district court granted the motion on the federal claim and remanded the case to state court for determination of the remaining state law claims. For the reasons explained by the district court in its orders, we affirm.

At the outset we must determine whether we can review the district court's order dismissing the federal claim and remanding the remaining claims to state court. Although 28 U.S.C. § 1447(d) generally precludes appellate review of an order remanding a case to the state court from which it was removed, where (as here) the remand order is a consequence of the dismissal of claims creating federal jurisdiction, that dismissal is reviewable on appeal. *See Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387 (11th Cir.1982) (recognizing that, although order of remand not appealable, decree of dismissal must, perforce, precede order of remand and is appealable).

Condominium alleges that the City provides, without charge, waste collection services to residential premises unless the property is owned as a condominium and that the failure to accord condominium owners this service constitutes a denial of equal protection in violation of the Fourteenth Amendment. Condominium does not contend that the City's ordinances draw a distinction based on a suspect classification, such as race, alienage, national origin, indigence or illegitimacy. Instead, the contention is that the distinction is based on the form of ownership,[*] which is not among the "suspect" classifications recognized by the courts.

Nor can Condominium contend that a fundamental right is implicated: the right to free waste collection is no fundamental right. *See Goldstein v. City of Chicago,* 504 F.2d 989, 991-92 (7th Cir.1974) (denying claimed violation of equal protection clause by condominium owners based on provision of free garbage collection to single-family residences); *Szczurek v. City of Park Ridge,* 97 Ill.App.3d 649, 52 Ill.Dec. 698, 422 N.E.2d 907 (1981) (upholding validity, against equal protection challenge, of city ordinance providing free sanitation collection to single-family residences but not to multi-family residences).

The applicable standard for testing the constitutionality of the City's pertinent ordinance is the "rational-basis" standard. *Clements v. Fashing,* 457 U.S. 957, 961-63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982). This standard "requires that classifications made by the challenged statutes or ordinances be rationally related to the achievement of some legitimate government purpose." *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir.1995).

Determining whether legislation survives rational-basis scrutiny is a two-step process. The first step is to identity a legitimate government purpose the enacting governmental body could have been pursuing. *Id.* The actual motivations of the legislators are unimportant, and the decisionmakers are not required to articulate a reason for their acts. *Id.* at 921-922. The second step of the rational-basis inquiry is to determine "whether a rational basis exists to believe that the

[*]For our purposes, it is unimportant whether the classification was, in reality, ownership based (as Condominium contends) or numerically based (as the City contends). The important point is that a legislature could reasonably assume condominium owners tend to reside in larger facilities and with their representative condominium association are likely to be better positioned to negotiate with private sanitation services.

legislation would further the hypothesized purpose." *Id.* at 922. Here the inquiry is whether a conceivably rational-basis exists, "not whether that basis was actually considered by the legislative body." *Id.*

Efficient sanitation is a legitimate goal; the provision of free waste collection service to residential premises consisting of four or fewer units is rationally related to achieving that goal. If we assume, as Condominium contends, that all condominiums are excluded, a legislature still could believe that—because of the benefits of a larger scale—condominium owners (through their representative condominium association) generally enjoy greater bargaining power with private waste removal services. That the legislature did not articulate this presumed goal—sanitation—or the rationale for its classification—scale and bargaining power—is not important. *Id.* at 921-922.

A government is not required to provide sanitation service to all or none; the Equal Protection Clause does not always preclude a legislature from treating some of its citizens differently from others. *See Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 357-59, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973). A government's line-drawing need not be accomplished with mathematical precision—rough accommodations are tolerated even if some inequality results. *See Dandridge v. Williams,* 397 U.S. 471, 483-85, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). The usual presumption is that the legislature has acted constitutionally. *See Clements,* 457 U.S. at 961-63, 102 S.Ct. at 2843.

That the City may have sought to achieve the legitimate state interest in sanitation by providing, at no cost, waste collection service to individuals or small groups of individuals less likely to have sufficient bargaining power to obtain such services at a reasonable price satisfies rational-basis scrutiny and, therefore, constitutes no violation of the Equal Protection Clause.

AFFIRMED and REMANDED for return to state court.