PHILADELPHIAN OWNERS ASSOCIATION; Welsh Walnut Associates, L.P., on behalf of themselves and all others similarly situated,

v.

CITY OF PHILADELPHIA, Appellant,

Welsh Walnut Associates, L.P. on behalf of itself and the class it represents, Appellant.

Freedley Court Apartment Associates; Norris Hills Apartments; Norriswood Associates; Town & County Apartment Associates; University City Housing Company; Norristown Associates; Sherman L. Reid, Jr., on behalf of themselves and all others similarly situated, Appellees/Cross-Appellants,

v.

Borough of Norristown, Appellant.

Nos. 02–3165, 02–3218, 02–3243, 02–3230.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Jan. 17, 2003.

Decided Feb. 4, 2003.

Before ROTH, FUENTES and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are to decide whether the district court erred in holding that the City of Philadelphia's Department of Streets regulation that provides that the City does not collect waste from "[a]ny building with more than 6 dwelling units, regardless of the form of ownership" App. at 141, violated rational basis review under the Equal Protection Clause. The district court concluded that the City's "minimal" responses to discovery "pointed in only one direction: the City's waste removal ordinance was an unprincipled and arbitrary measure to cut costs" App. at 1413–14, – or what we described as "economic considerations." *Ramsgate Court Townhome Ass'n v. W. Chester Borough,* 313 F.3d 157 (3d Cir. 2002).

The district court ordered "[t]he City of Philadelphia [to] establish a plan for the collection of waste from the [Plaintiffs, hereinafter collectively, the] Waste Removal Class" and "[s]uch plan [should] be in place and implemented [within six weeks]." App at 6. The court also directed the Waste Removal Class to calculate its compensatory damages and ordered it to file a petition for attorneys' fees and costs.

## I.

Because it presents essentially the same issue as in *Philadelphian Owners,* and because the judgments were entered by the same district court judge, we also decide the appeal by the Borough of Norristown, Pennsylvania. Plaintiffs in *Norristown* presented the similar question of whether the district court erred in holding that the Borough's ordinance governing the collection of waste violated the provisions of the Equal Protection Clause.

In *Norristown,* plaintiffs are individuals and/or associations who own properties with five or more family dwelling units in the Borough of Norristown ("the Class"). The Class was certified pursuant to Federal Rule of Civil Procedure 23(b)(3) to include: "All condominium associations, other entities and owners of buildings that each contain more than four (4) Dwelling Units (as that term is used by the Borough of Norristown Solid Waste Ordinance), for which the Borough does not provide waste removal services." App. at 2.

The subject of the litigation is the Borough's waste removal ordinance, known as the Borough of Norristown Solid Waste Ordinance ("Waste Removal Ordinance"), that provides, in relevant part, that municipal trash collection services will be provided to "all single-family dwellings and all multifamily or apartment dwellings not exceeding four family units." App. at 258. The Class's Complaint alleges that the Waste Removal Ordinance violates the Equal Protection Clause of the Fourteenth Amendment because it arbitrarily excludes properties with five or more dwelling units from receiving waste removal services from the Borough.

Having agreed that no genuine issues of material fact survived discovery, the parties filed motions for summary judgment. The district court ruled that the Class,

previously defined to include apartments, condominiums and cooperatives, should be narrowed by excluding apartments. Because the Waste Removal Ordinance precludes service for all commercial buildings, and because apartment owners are essentially engaged in commercial enterprises, the court found that apartments should not be included in the Class.

Having narrowed the class, the court ruled that the Waste Removal Ordinance is unconstitutional because it arbitrarily discriminates against condominiums and cooperatives containing five or more dwelling units. It held that economic reasons were not sufficient to satisfy rational basis review for the legislation and directed the Borough to establish a waste collection plan applicable to the Class within approximately five weeks.

## II.

We reverse the judgments of the district court in both cases.

Because we are writing solely for the litigants who are familiar with the facts and proceedings in the district court, we will discuss only the legal precepts that govern this case.

At the time the district court decided these cases, it did not have the advantage of our decision in *Ramsgate,* in which we held that economic considerations were a legitimate rationale to support an ordinance of West Chester Borough similar to the Philadelphia regulation and the Norristown ordinance at issue here. We reasoned:

> The district court recognized that the Borough's limits on waste removal are based on economic considerations. As the district court stated, "the challenged classifications written into the ordinance in issue are based on the quantity of waste and nothing else.... The differences in the way property owners are treated under the ordinance are clearly

based on economic considerations. Providing free trash collection costs money." Although the district court did not ignore the importance of trash removal to a community's health and safety, it noted that the Borough is forced to divide its finite budget among various expenditures. By limiting this service, the Borough is able to spend its tax dollars elsewhere.

> Other courts have considered similar legislative objectives where a municipality has provided a higher level of waste collection services to one group of taxpayers than to another. *See Beauclerc Lakes [Condo. Ass'n v. City of Jacksonville],* 115 F.3d [934,] 935 [(11th Cir. 1997)] (legislature could assume that multi-unit condominium association has greater bargaining power with private waste removal services than do individual homeowners); *Goldstein v. City of Chicago,* 504 F.2d 989, 992 (7th Cir. 1974) (same); *Szczurek v. City of Park Ridge,* 97 Ill.App.3d 649, 422 N.E.2d 907, 911, 914, 52 Ill.Dec. 698 (Ill.App.Ct. 1981) (same). We are persuaded that the district court's conclusion is correct. Because of the presumption of constitutionality and the legitimate economic rationale for the ordinance, the ordinance survives equal protection scrutiny.

313 F.3d at 160.

Because we conclude that both appeals are governed by the reasoning and the conclusion in *Ramsgate* we reverse the judgments in each case and remand with a direction to enter judgments in favor of each municipality.

## III.

 This too must be said. In *Philadelphian Owners,* the district court faulted the City for not introducing evidence to support the rational basis of the regulation. The court erred in this respect as well. A classification need not be sup-

ported by evidence or empirical data, *Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), and "is not subject to courtroom fact finding." *FCC v. Beach Communications,* 508 U.S. 307, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). The government has "no obligation to produce evidence to sustain the rationality of a statutory classification," *Heller,* 509 U.S. at 320, and the court "may not compel the state to verify its logical assumptions with statistical evidence." *Price v. Cohen,* 715 F.2d 87, 95 (3d Cir.1983). Thus the government's failure to provide "legislative facts explaining the [statutory classification] on the record has no significance in rational-basis analysis." *Beach,* 508 U.S. at 315 (citations and quotations omitted).

\* \* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgments of the district court will be reversed.