NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2393
_____

FRANK T. PERANO,
d/b/a GSP Management Co,

Appellant,

v.

TOWNSHIP OF TILDEN; TROY R. HATT, INDIVIDUALLY AND IN
HIS CAPACITY AS A TOWNSHIP SUPERVISOR; RUSSELL H. WERLEY,
INDIVIDUALLY AND IN HIS CAPACITY AS A TOWNSHIP SUPERVISOR;
JUDY E. ROMIG, INDIVIDUALLY AND IN HER CAPACITY AS A TOWNSHIP
SUPERVISOR; JOHN YODER, INDIVIDUALLY AND IN HIS CAPACITY
AS A TOWNSHIP ZONING AND CODE ENFORCEMENT OFFICER; CHERYL
HAUS, INDIVIDUALLY AND IN HER CAPACITY AS TOWNSHIP SECRETARY;
CARBON ENGINEERING INC.; RONALD TIRPAK, INDIVIDUALLY AND IN HIS
CAPACITY AS THE TOWNSHIP ENGINEER AND THE MUNICIPAL AUTHORITY
FOR THE TOWNSHIP OF TILDEN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-754)
District Judge: Hon. Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2011

Before: FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: April 13, 2011)

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Frank T. Perano appeals from an order of the United States District Court for the

Eastern District of Pennsylvania granting motions to dismiss filed by Appellees

Township of Tilden (the "Township" or "Tilden"), Troy R. Hatt, Russell H. Werley, Judy

E. Romig, John Yoder, Cheryl A. Haus, Ron Tirpak, and Carbon Engineering, Inc. (with

the Township, collectively the "Defendants").  For the following reasons, we will affirm.

## I.      Background[1]

This case arises out of Perano's dealings with the Township over the development

of a mobile home park he owns in Tilden.  He began operating the Pleasant Hills Mobile

Home Park ("Pleasant Hills" or the "park") in 1990 and has expanded it in phases.  As

Pleasant Hills grew, Tilden residents expressed increasing opposition.  In response, the

Township attempted to amend its zoning ordinances to prevent further development of

the park.

In 1997, Perano sued the Township in state court, challenging the proposed zoning

amendment.  In 1999, Perano and the Township entered into a consent order to resolve

the state court litigation (the "Consent Order").  The Consent Order provided that the

Township would use its best efforts to make sewage and water facilities available to the

---

[1] Because we are reviewing the District Court's grant of the Defendants' motions
to dismiss, we recount the facts as alleged by the non-movant, Perano.  In doing so, we
do not imply any view as to whether those allegations are actually true.

park. The Township's obligation regarding water and sewage was contingent on Perano receiving final land development approval for Phases VI and VII of Pleasant Hills.

In June 2001, the Township approved Phase VII, and, in July 2006, it conditionally approved Phase VI.[2] The conditional approval required Perano to develop and install sewage collection and water distribution systems for the park, in accordance with the Pennsylvania Department of Environmental Protection's ("PADEP") rules and regulations, to allow connection with the existing systems owned by the Township.

Perano has not completed the water and sewage systems for Phase VI, however, because of what he alleges is obstructionist and harassing behavior by the Township. He has catalogued the disputes. He says that the Township took no action to provide public water to Phase VI. A Township zoning officer inspected Pleasant Hills without notice or permission and noted several violations, which led the Township to schedule a hearing regarding the violations. The Township accepted Perano's licensing fees in August 2007 without issuing him a license or issuing a denial and refund and then, without giving him notice or an opportunity to be heard, announced that he was operating the park without a license. A Township zoning officer issued a stop-work order for any projects at the park and did not issue any future building permits. The Township sent him a letter saying that no additional homes could be placed at Pleasant Hills until a license was issued.[3] Finally,

---

[2] Why the approvals came in reverse numerical order is not apparent from the record.

[3] An additional basis alleged for the denial of the license was a letter from PADEP stating that the mobile home park did not have sufficient sewage capacity to accommodate additional residents. In response, Perano made an open records request for

3

the Township sought to compel him to cede ten acres from the park to the Township for a sewer easement.

In February 2009, Perano sued the Defendants in the District Court.[4] In May 2009, the Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Perano moved to amend his complaint. The District Court granted Perano leave to amend, specifically to allow him to add PADEP as a party and to supplement factual allegations for his claims under 42 U.S.C. §§ 1983 and 1985.

In September 2009, Perano filed an amended complaint that did not add PADEP and that substituted a Contract Clause claim for the § 1985 claims. The Defendants again moved to dismiss. After a March 2010 hearing on the motions to dismiss, the District Court, in April 2010, ordered the lawsuit dismissed with prejudice. This appeal followed.

---

all documents provided by PADEP to the Township regarding the park's supposedly insufficient sewage capacity. The Township responded that no such documentation existed. Perano then submitted to the Township documentation that he says demonstrates sufficient sewage capacity to allow additional residents to locate homes in the park. Nevertheless, the Township continued to deny permits.

[4] In April 2009, the Township filed a Declaration of Taking in state court to obtain a perpetual sanitary sewer easement on a portion of Perano's property. The state court denied Perano's preliminary objections to the Declaration of Taking, and Perano appealed. Perano raised the takings issue in the District Court, but the Court determined that the issue was not ripe because Perano had not exhausted his state court remedies. Perano does not challenge that determination on appeal.

4

**II.    Discussion**[5]

Perano argues before us that the District Court erred in dismissing his procedural due process, substantive due process, Equal Protection, Contract Clause, and conspiracy claims. He also argues that the District Court erred in denying his request for leave to further amend and instead dismissing his lawsuit with prejudice.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 273 (3d Cir. 2004). We first accept all well-pleaded factual allegations as true and disregard the plaintiff's legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). We "then determine whether the facts alleged … are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (internal quotation marks omitted). To be "plausible," the complaint must, through its factual allegations, "permit the court to infer more than the mere possibility of misconduct." *Id.* (internal quotation marks omitted).

We review for abuse of discretion a district court's decisions to dismiss a case with prejudice and to refuse leave to amend a complaint. *Ramsgate Ct. Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002).

A.     *Procedural Due Process Claim*

To make out a procedural due process claim, Perano must show that the Defendants deprived him of a protected property interest and that the state procedure for

---

[5] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

challenging the deprivation was constitutionally inadequate.[6] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 138 (3d Cir. 2010). Assuming, as the parties apparently do, that Perano has been deprived of a protected property interest, our focus is on the state's procedures and whether they are constitutionally adequate.

"[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio v. Zoning Bd. of Adjustment for Twp. of West Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated in part on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003). We have previously upheld as reasonable Pennsylvania's post-deprivation judicial remedies for challenging administrative land use decisions. *See Bello v. Walker*, 840 F.2d 1124, 1128 (3d Cir. 1988) (holding that Pennsylvania's "judicial mechanism with which to challenge the administrative decision to deny an application for a building permit" was constitutionally adequate), *abrogated in part on other grounds by United Artists*, 316 F.3d at 400. Moreover, post-deprivation hearings and common law tort remedies can be constitutionally adequate "where the potential length or severity of the deprivation does not indicate a likelihood of serious loss and where the procedures … are sufficiently reliable to minimize the risk of erroneous determination." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978); *see also Revell*, 598 F.3d at 138 (recognizing that, in

---

[6] For purposes of our analysis, we assume without deciding that all the Defendants qualified as state actors.

some circumstances, post-deprivation hearings and common law tort remedies satisfy due process).

Here, for each of the alleged bad acts by the Defendants, there is a reasonable state remedy, whether it be under the state's Municipalities Planning Code, 53 PA. CON. STAT. ANN. §§ 10101 et seq., or the Eminent Domain Code, 26 PA. CON. STAT. ANN. §§ 101 et seq., or through other judicial process. As exemplified by the previous litigation between Perano and the Township, Perano has avenues for challenging the Defendants' actions. Accordingly, he has failed to state a procedural due process claim.

B.      *Substantive Due Process Claim*

To make out a substantive due process claim, Perano must show that the Defendants deprived him of a protected property interest and that that deprivation "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008); *see also United Artists*, 316 F.3d at 400-02. We again assume arguendo that Perano has been deprived of a protected property interest and focus on whether the Defendants' actions shock the conscience.

"'[O]nly the most egregious official conduct'" shocks the conscience. *United Artists*, 316 F.3d at 400 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). What is shocking depends on context, *id.* at 399-400, but, in the land use context, the standard is sufficiently high to "avoid converting federal courts into super zoning tribunals," *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004); *see also United Artists*, 316 F.3d at 402 (recognizing that the "shocks the conscience"

7

standard "prevents [the Court] from being cast in the role of a zoning board of appeals") (internal quotation marks omitted).

In *Eichenlaub*, we held that an inconsistent application of zoning requirements, unnecessary inspections, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" a property owner were not enough to shock the conscience when those actions were not coupled with interference with a constitutionally protected activity or ethnic bias. 385 F.3d at 286. We noted that complaints related to zoning requirements, inspections, and permits were "frequent in [land use] planning disputes" and that, while adversely affected property owners can couch such complaints as abuses of legal authority, the complaints do not rise to the level of substantive due process violations. *Id.*

So too here, Perano's complaints are of the sort frequently at issue in land use disputes. He has not alleged any conduct by the Defendants that can be said to shock the conscience and therefore has failed to state a substantive due process claim.

C.      *Equal Protection Claim*

To make out an Equal Protection claim as a "class of one," as Perano now attempts, he must show that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Borough of Kutztown*, 455 F.3d at 239 (quoting *Olech*). To be "similarly situated," parties must be "alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted). At the motion to dismiss stage, Perano must allege

8

facts sufficient to make plausible the existence of such similarly situated parties. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Toussie v. Town Bd. of East Hampton*, 2010 WL 597469, *6 n.3 (E.D.N.Y. Feb. 17, 2010) (viewing *Iqbal* as "requir[ing] sufficient factual allegations to make the conclusion of similarly situated plausible" and noting that pre-*Iqbal* cases not requiring such "are problematic in view of *Iqbal*").

Here, Perano has simply alleged that he was treated differently from "other similarly situated residential and commercial developers." (App. at 51.) Without more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects. Accordingly, Perano has failed to state an Equal Protection claim.

D.     *Contract Clause Claim*

The Constitution's Contract Clause, set forth in Article I, Section 10, provides that "[n]o State shall … pass any … Law impairing the Obligation of Contracts." U.S. CONST. ART. I, § 10. To make out a claim under that clause, Perano must show that "a change in state law has operated as a substantial impairment of a contractual relationship." *Transport Workers Union of Am., Local 290 v. SEPTA*, 145 F.3d 619, 621 (3d Cir. 1998) (internal quotation marks omitted). A court makes three threshold inquiries in evaluating a Contract Clause claim: "(1) whether there is a contractual relationship; (2) whether a change in a law has impaired that contractual relationship; and (3) whether the impairment is substantial." *Id.* Significantly, the claim must rest on an exercise of legislative power, not the acts of administrative or executive boards or

officers.  *New Orleans Waterworks Co. v. La. Sugar Ref. Co.*, 125 U.S. 18, 30 (1888); *see also Kinney v. Conn. Judicial Dep't*, 974 F.2d 313, 314 (2d Cir. 1992) (quoting *New Orleans Waterworks* and reiterating that violations of the Contract Clause arise from legislative action).

Here, Perano alleges that the Township's actions in enforcing ordinances, issuing stop work orders, denying permits, and the like have violated the terms of the Consent Order.  However, none of those actions was an exercise of legislative power.  Put more simply, the Township did not change any laws; it merely enforced them in a way that allegedly impaired Perano's rights under the Consent Order.  Accordingly, Perano has failed to state a Contract Clause claim.

E.     *Conspiracy*

To make out a conspiracy claim under § 1983, Perano must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999).  As a threshold matter, however, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right.  *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability).  Perano has failed to clear that threshold, as he has not shown an actual deprivation of any federally protected right.  Accordingly, he has failed to state a § 1983 conspiracy claim.

F.    *Denial of Leave to Amend and Dismissal with Prejudice*

"[A] district court has discretion to deny a request to amend if it is apparent from the record that … the amendment would be futile[.]" *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).

The record before the District Court included Perano's original and amended complaints, his exhibits, his responses to the motions to dismiss, and his arguments at the March 2010 hearing. The District Court, then, was well-acquainted with Perano's allegations of the Defendants' misconduct and had afforded him ample opportunity to supplement or clarify those allegations. Given that, it was reasonable for the District Court to conclude that Perano had already presented his most damning allegations and that no further amendment would cure the factual deficiencies. Accordingly, it was not an abuse of discretion for the District Court to deny leave to amend and dismiss with prejudice.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's order dismissing Perano's lawsuit with prejudice.