

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2002

# Ramsgate Ct Townhome v. West Chester

Precedential or Non-Precedential: Precedential

Docket No. 01-2905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ramsgate Ct Townhome v. West Chester" (2002). *2002 Decisions.* Paper 798.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/798

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 16, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2905

RAMSGATE COURT TOWNHOME ASSOCIATION;
JAMES C. HAMILTON, INC.; JOHN P. O'CONNELL;
LINDA L. O'CONNELL; GAY STREET RESTAURANT
DEVELOPMENT, LLC, ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY SITUATED

v.

WEST CHESTER BOROUGH

Ramsgate Court Townhome Association;
James C. Hamilton, Inc.; John P. O'Connell;
Linda L. O'Connell; Gay Street Restaurant Development,
LLC, on behalf of themselves and the class they seek to
represent,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-1864)
District Judge: Honorable Harvey Bartle, III

Argued: February 26, 2002

Before: ROTH, FUENTES, and GIBSON,* Circuit Ju dges.

(Filed December 16, 2002)

_____

* The Honorable John R. Gibson, United States Court of Appeals for the
Eighth Circuit, sitting by designation.


For Appellants:
Robert D. Greenbaum & Associates,
 LLC
Robert D. Greenbaum, (ARGUED)
One Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103

Fineman & Bach, P.C.
S. David Fineman
Gary A. Krimstock
1608 Walnut Street, 19th Floor
Philadelphia, PA 19103

For Appellee:

Buckley, Nagle, Brion,
McGuire, Morris & Sommer LLP
Kristin S. Camp, (ARGUED)
Glenn E. Davis, Esquire
Stephen P. McGuire, Esquire
Brian L. Nagle, Esquire
304 North High Street
West Chester, PA 19380

OPINION OF THE COURT

GIBSON, Circuit Judge:

Ramsgate Court Townhome Association and other property owners1 (referred to collectively as "Ramsgate") appeal from the district court's order dismissing their complaint against West Chester Borough for failure to state a claim upon which relief can be granted. Ramsgate's putative class action challenged the Borough's trash collection ordinance under the Equal Protection Clause of the Fourteenth Amendment of the United States

---

1. The other plaintiffs are: James C. Hamilton, Inc., owner of a 19-unit apartment complex; John P. and Linda L. O'Connell, owners of a 14-unit apartment complex; and Gay Street Restaurant Development, LLC, owner of a mixed-use property that includes a restaurant and nine apartments.

2

Constitution and under the Uniformity Clause of the Pennsylvania Constitution. The district court concluded that the ordinance is rationally related to a legitimate government purpose and therefore does not violate the Equal Protection Clause, and it declined to exercise supplemental jurisdiction over the state law claim. 2 We will affirm the judgment.

The district court dismissed the complaint in response to the Borough's motion under Fed. R. Civ. P. 12(b)(6). Our review is de novo, but we use the same test as the district court in deciding whether the complaint should be dismissed for failure to state a claim upon which relief can be granted. After accepting the complaint's well-pleaded allegations as true and viewing them in the light most favorable to Ramsgate, if Ramsgate is not entitled to relief, then the complaint should be dismissed. Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000).

The Borough provides waste removal services to all residential property owners except those whose property requires more than the equivalent of six thirty-gallon containers of rubbish per week. The Borough does not provide services to multi-unit condominiums and apartments or to mixed-use commercial and apartment buildings. The owners of these excluded residential properties make up the class. Members of the class are assessed real estate taxes on the same basis as other

residential property owners in the Borough, but they receive no waste removal services from the Borough. Rather, they are required to pay for private waste removal services at significant cost. In other words, because they produce in the aggregate more than six containers of rubbish per week, multi-unit condominiums and apartments must arrange and pay for their own waste removal. In contrast, single-unit residences can have up to six containers collected each week at no additional cost.

By its terms, the complaint challenges the Borough's waste removal policy. It alleges that the class members are

---

2. Ramsgate does not raise the district court's decision on the state law claim in this appeal, and therefore we will not review the district court's discretionary ruling under 28 U.S.C. S 1367(c)(3) (2000).

3

denied equal protection in violation of the Fourteenth Amendment because they do not receive the same waste removal services provided to other residential properties. The complaint assumes that the Borough's waste removal ordinance is enforced as written. For our purposes, therefore, the Borough's policy is synonymous with its waste removal ordinance. The ordinance states in relevant part:

> Garbage, rubbish and refuse shall be collected once each week from all properties having six (6) thirty-gallon cans (or their equivalent) or fewer. Those properties requiring more than the equivalent of six (6) thirty-gallon cans for the disposal of rubbish will be required to employ a private collector.

West Chester Code S 62-4.B.

The Borough filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the district court granted. The district court applied the rational basis test to Ramsgate's Equal Protection challenge, recognizing that it was free to consider a conceivable governmental purpose even if the legislative body had not articulated one. The district court concluded that the Borough has compelling health and safety reasons for requiring weekly removal of trash, and that it would be justified in taking into account economic considerations in deciding how it allocated its waste collection resources. The court concluded that the Borough made a rational decision to require residential property owners whose residents produce in the aggregate large amounts of waste to contract with and pay private waste haulers, and that it did not engage in invidious discrimination.

On appeal, Ramsgate argues that a higher level of scrutiny should be applied to its equal protection challenge, although it never articulates exactly what test it advocates or why the rational basis test is inapplicable. It frames the question broadly, as "whether a municipality can selectively

provide basic municipal services to a segment of its residential property owners while denying those very same services to other residential property owners without violating the Constitution."

The district court correctly concluded that Ramsgate's equal protection challenge to the Borough's ordinance is subject to the rational basis standard. The ordinance does not draw a distinction based on a suspect classification, nor does it implicate a fundamental right. See Beauclerc Lakes Condo. Ass'n v. City of Jacksonville, 115 F.3d 934, 935 (11th Cir. 1997) (ordinance that excludes waste collection services for condominiums but provides service to all other residential properties does not draw a distinction based on a suspect classification, and there is no fundamental right to no-fee waste collection; therefore, rational basis test applies).

In reviewing an ordinance that does not burden a fundamental right or target a suspect class, we are to uphold its constitutionality if it bears a rational relation to some legitimate end. Vacco v. Quil, 521 U.S. 793, 799 (1997). We presume such an ordinance is valid, Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985), and in our review we are not limited to considering only the goal stated by the legislative body. Delaware River Basin Comm'n v. Bucks County Water & Sewer Auth., 641 F.2d 1087, 1096 (3d Cir. 1981). We are free to consider any conceivable legislative purpose so long as it reasonably could have been entertained by the legislature. Id. at 1097.

The district court recognized that the Borough's limits on waste removal are based on economic considerations. As the district court stated, "[t]he challenged classifications written into the ordinance in issue are based on the quantity of waste and nothing else. . . . The differences in the way property owners are treated under the ordinance are clearly based on economic considerations. Providing free trash collection costs money." Although the district court did not ignore the importance of trash removal to a community's health and safety, it noted that the Borough is forced to divide its finite budget among various expenditures. By limiting this service, the Borough is able to spend its tax dollars elsewhere.

Other courts have considered similar legislative objectives where a municipality has provided a higher level of waste collection services to one group of taxpayers than to another. See Beauclerc Lakes, 115 F.3d at 935 (legislature

could assume that multi-unit condominium association has greater bargaining power with private waste removal services than do individual homeowners); Goldstein v. City of Chicago, 504 F.2d 989, 992 (7th Cir. 1974) (same);

Szczurek v. City of Park Ridge, 422 N.E.2d 907, 911, 914 (Ill. App. Ct. 1981) (same). We are persuaded that the district court's conclusion is correct. Because of the presumption of constitutionality and the legitimate economic rationale for the ordinance, the ordinance survives equal protection scrutiny.

On appeal, Ramsgate raises another issue. It asserts that the Borough's practice is to exclude all multi-residence condominiums from its collection services, but that under the ordinance each separate condominium should be entitled to its own six-can allotment because each condominium is a "property." See S 62-4.B ("Garbage . . . shall be collected once each week from all properties having six (6) thirty-gallon cans. . . .").3  However, as Ramsgate acknowledges in its brief, it is arguing that "the Borough is simply violating its own policy in its application[of the ordinance] to [the class]." That is not a federal constitutional challenge, and thus is not within the scope of this appeal. This argument would be more appropriately brought in state court, should Ramsgate choose to pursue its cause of action following this disposition.

Finally, Ramsgate argues that the district court erred by refusing Ramsgate's request for leave to amend its complaint. We review for abuse of discretion, Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000), and we find none. The Borough responded to plaintiffs' complaint by filing a Rule 12(b)(6) motion, which Ramsgate then opposed. Ramsgate concluded its brief in opposition to the motion to dismiss with this sentence: "However, in the event that the Court concludes that the Complaint fails to

---

3. The ordinance defines "property" as"[a]ny building and/or tract held in single or separate ownership." West Chester Code S 62-1. We do not read this definition as providing the guaranteed services that Ramsgate asserts it does, as it is not clear whether a separately owned condominium within a multi-unit building qualifies as a "building and/or tract."

6

state claims upon which relief may be granted, Plaintiffs and the Waste Removal Class respectfully request that they be granted leave to amend the Complaint." That is the only mention of amending Ramsgate ever made before the district court. Ramsgate never filed a motion to amend, nor did it provide the district court with a proposed amended complaint. As a consequence, the court had nothing upon which to exercise its discretion. See Lake, 232 F.3d at 374. As another circuit has held:

> [Plaintiff 's] single sentence, lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend. Because a motion for leave to amend was never properly before it, the district court did not abuse its discretion in failing to address [plaintiff 's]

request for leave to cure deficiencies in her pleadings.

Calderon v. Kansas Dep't of Soc. & Rehab. Servs. , 181 F.3d 1180, 1187 (10th Cir. 1999). The district court committed no abuse of discretion.

We will affirm the district court judgment.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

7