NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2980
_____

LARISSA SHELTON;
GREGORY BOHUS, on behalf of themselves
and others similarly situated,

Appellant

v.

RESTAURANT.COM INC.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. Action No. 3-10-cv-00824)
District Judge: Honorable Joel A. Pisano
_____

Argued February 10, 2011
_____

Before: JORDAN, GREENAWAY, JR., and GARTH, Circuit Judges.

(Opinion Filed: November 4, 2013)

Katrina Carroll, Esq.
Bruce D. Greenberg, Esq.
Lite, De Palma, Greenberg
Two Gateway Center
12th Floor
Newark, NJ 07102

Elliot Garder, Esq.
Andrew R. Wolf, Esq.[ARGUED]
Henry P. Wolfe, Esq.
The Wolf Law Firm
Suite 101
1520 U.S. Highway 130
North Brunswick, NJ 08902

Christopher J. McGinn, Esq.
79 Paterson Street
New Brunswick, NJ 08901

*Counsel for Appellants*

Michael R. McDonald, Esq. [ARGUED]
Damian V. Santomauro, Esq.
Gibbons
One Gateway Center
Newark, NJ 07102

*Counsel for Appellee*

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Plaintiffs Larissa Shelton and Gregory Bohus (collectively "Plaintiffs"), both purchasers of gift certificates from Restaurant.com, filed a complaint seeking to certify a class of similarly situated individuals. Plaintiffs' complaint included two counts: the first alleging Restaurant.com violated the New Jersey Gift Certificate Statute (N.J. Stat. Ann. § 56:8-110) ("GCS") and the New Jersey Consumer Fraud Act (N.J. Stat. Ann. §§ 56:8-1 to 8-20) ("CFA") and the second alleging Restaurant.com violated the Truth-

in-Consumer Contract, Warranty, and Notice Act (N.J. Stat. Ann. §§ 56:12-14 to 12-18) ("TCCWNA"). The District Court granted Restaurant.com's motion to dismiss, concluding that Plaintiffs failed to allege an ascertainable loss, one of the three necessary elements for a claim under the CFA, and that Plaintiffs were not "consumers," as defined by the TCCWNA, since the gift certificates they purchased were not "property." Plaintiffs did not move to amend their complaint, and the District Court did not sua sponte allow Plaintiffs the opportunity to do so.[1]

Plaintiffs appeal this decision. We will affirm the District Court's decision dismissing the CFA count. As to the decision dismissing the TCCWNA count, we will vacate the District Court's decision and remand for further proceedings.

## I. Background

We write primarily for the benefit of the parties and recount only the essential facts.

Restaurant.com is an internet business that sells certificates, which it calls "gift certificates." These certificates provide a credit for the holder for purchases of food and beverages at the restaurant named on the certificate. Restrictions apply to the use of the certificates. For example, one certificate states that it is not valid without a minimum

---

[1] Plaintiffs did not file a motion to amend, but rather made the request seeking an opportunity to amend in their brief opposing the motion to dismiss. We have previously addressed the identical situation in *Ramsgate Court Townhome Assoc. v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002). There, as here, a "'single sentence, lacking a statement for the grounds for amendment and dangling at the end of [the] memorandum, did not rise to the level of a motion for leave to amend.'" *Id.* (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). As such, the District Court had nothing upon which to rule, and we have no decision to review.

purchase of $35, while another states that it is valid only for dinner, with a minimum purchase of $35, but cannot be used on Friday or Saturday nights. Individuals access Restaurant.com's website, and pay a specified amount for each certificate.[2] Once Restaurant.com receives the online payment, Restaurant.com provides the purchaser with a link to an internet page that displays the certificate, which may then be printed out and used. The two named plaintiffs purchased certificates from the website.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332. We have jurisdiction, pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010).

"[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

---

[2] Apparently, the amount paid does not always coincide with the face amount of the certificate. According to Restaurant.com's website, "Restaurant Specific Certificates are sold below their face value." Restaurant.com, Terms and Conditions, II. Purchase of Products and Services, 5. Terms and Conditions for Restaurant Specific Certificates, http://www.restaurant.com/about/terms (last visited Oct. 23, 2013).

4

## III.  Analysis

Plaintiffs allege that Restaurant.com violated the GCS, which is a part of the CFA, by providing that their certificates expire within one year.  The GCS provides that gift certificates sold in New Jersey shall not expire in less than 24 months.  N.J. Stat. Ann. § 56:8-110.  In order to state a claim under the CFA, a plaintiff must plead the "three elements required for the prima facie proofs: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss."  *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). "The CFA does not demand that a plaintiff necessarily point to an actually suffered loss or to an incurred loss, but only to one that is 'ascertainable.'"  *Id.* at 750.  As urged by Restaurant.com, the District Court found that Plaintiffs failed to demonstrate an ascertainable loss.

Plaintiffs argue that the fact their certificates expired within one year, rather than two years, make them less valuable.  Therefore, according to Plaintiffs, they have experienced an ascertainable loss.  While the threshold for pleading ascertainable loss is low, *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 790 (N.J. 2005), Plaintiffs must have alleged "a definite, certain and measurable loss, rather than one that is merely theoretical" in order to state a claim under the CFA.  *Bosland*, 964 A.2d at 749.  In this case, Plaintiffs do not allege that: (1) any restaurant refused to honor the certificates after one year, noting the facial one-year expiration dates; (2) Plaintiffs redeemed their gift certificates sooner than they would have wished out of concern about the impending expiration date; or (3) Plaintiffs paid the purchase price for the certificates because they

5

assumed that the certificates would be valid for two years. Rather, Plaintiffs provide only

an unadorned and conclusory statement of a "theoretical" loss that – according to the

logic of the complaint – would be suffered by an individual the moment that she

purchased a Restaurant.com gift certificate. Plaintiffs alleged no other facts nor did they

raise any other argument regarding ascertainable loss. As a result, they have failed to

allege ascertainable loss. We will affirm the District Court's dismissal of their complaint

on this count.

As to the second count, our research failed to disclose any decision from a court in

New Jersey answering the question of whether Plaintiffs are consumers under the

TCCWNA. Pursuant to N.J. Ct. R. 2:12A-1, we certified two questions to the New

Jersey Supreme Court:

> (1) Does the New Jersey Truth–in–Consumer Contract, Warranty,
> and Notice Act ([N.J. Stat. Ann. §§] 56:12–14 to 12–18)
> ("TCCWNA") apply to both tangible and intangible property, or is
> its scope limited to only tangible property?
>
> (2) Does the purchase of a gift certificate which is issued by a third-
> party internet vendor and is contingent, *i.e.*, subject to particular
> conditions that must be satisfied in order to obtain its face value,
> qualify as a transaction for "property . . . which is primarily for
> personal, family or household purposes" so as to come within the
> definition of a "consumer contract" under section 15 of the
> TCCWNA?

*Shelton v. Restaurant.com, Inc.*, 70 A.3d 544, 548-49 (N.J. 2013).

After hearing argument, the New Jersey Supreme Court reformulated the

questions as:

> 1) Whether Restaurant.com's coupons, which were issued to
> plaintiffs and redeemable at particular restaurants, constitute

6

"property" under the New Jersey Truth–in–Consumer Contract, Warranty, and Notice Act, [N.J. Stat. Ann. §§] 56:12–14 to –18;

2) If the coupons constitute "property," whether they are "primarily for personal, family or household purposes," [N.J. Stat. Ann. §] 56:12–15; [and]

3) Whether the sale of the coupons by Restaurant.com to plaintiffs constituted a "written consumer contract," or whether the coupons "gave or displayed any written consumer warranty, notice, or sign," under [N.J. Stat. Ann. §] 56:12–15.

*Id.* at 549.

In a thorough and carefully reasoned opinion, the New Jersey Supreme Court "conclude[d] that the TCCWNA covers the sale of tangible and intangible property." *Id.* at 547. The court "also conclude[d] that certificates issued by participating restaurants and offered for purchase by an internet marketer are intangible property primarily for personal, family, or household use, thereby qualifying plaintiffs as consumers." *Id.*

Applying the principle first articulated in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), that federal courts are required to apply state substantive law to diversity actions, we must apply the conclusions of the New Jersey Supreme Court to this case. Since that court concluded Plaintiffs are consumers under the TCCWNA, we will vacate the decision of the District Court dismissing their complaint and remand for further proceedings consistent with the decision of the New Jersey Supreme Court.

## IV. Conclusion

For the reasons set forth above, we will affirm the decision of the District Court as to the first count of the complaint. We will vacate the decision of the District Court as to the second count and remand for further proceedings. As to Plaintiffs' argument

7

regarding the District Court's failure to allow them the opportunity to amend their complaint, Plaintiffs filed no motion in the District Court seeking this relief.  Since the District Court had no motion upon which to rule, we have no decision to review.