NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2220
_____

D. RICHARD TONGE; JUST NEW HOMES, INC.,
Appellants

v.

STATE OF NEW JERSEY;
NEW JERSEY REAL ESTATE COMMISSION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-16-cv-01319)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*.

(Filed: September 11, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

D. Richard Tonge and Just New Homes, Inc. (collectively, Tonge) appeal the District Court's order dismissing their complaint for lack of subject matter jurisdiction. Because Tonge's claims are barred by the Eleventh Amendment, we will affirm.

I

Tonge was licensed as a real estate broker in New Jersey. He attracted customers by offering incentives that apparently ran afoul of New Jersey law. The New Jersey Real Estate Commission initiated disciplinary action in 2005, and five years later entered a final order revoking Tonge's real estate license and imposing a fine of $123,500. The Appellate Division of the New Jersey Superior Court affirmed, and the Supreme Court of New Jersey declined to hear Tonge's case.

In 2016, Tonge filed this suit against the Commission and the State of New Jersey in the United States District Court for the District of New Jersey. He asserted several causes of action, each of which rested on one basic claim. Tonge had argued to the Commission that New Jersey regulators had already approved his practices as part of an earlier settlement agreement. But the Commission found no such agreement or approval ever existed. The Appellate Division deemed this finding supported by the "undisputed record," Supp. App. 44, but Tonge's federal complaint alleged the Commission had procured that result by fraudulently "misrepresenting, denying, omitting or concealing the existence of a settlement agreement . . . confirm[ing] that [Tonge's] . . . business operated lawfully." App. 744 (Am. Compl. ¶ 1).

The District Court dismissed Tonge's initial complaint for lack of subject matter jurisdiction but granted leave to amend. Tonge did so, but the Court found his amended complaint did not differ materially from his first effort, and again dismissed his case, this time with prejudice. Ruling from the bench, the District Court determined it lacked jurisdiction under both the *Rooker-Feldman* doctrine and the Eleventh Amendment to the United States Constitution. This appeal followed.

II[1]

We agree that the Eleventh Amendment deprived the District Court of jurisdiction over Tonge's suit. The Eleventh Amendment "bar[s] all private suits against non-consenting States in federal court." *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008)). "[W]here . . . the Eleventh Amendment precludes a suit, the court in which the plaintiff filed the action lacks subject matter jurisdiction." *Baltimore Cty. v. Hechinger Liquidation Tr.* (*In re Hechinger Inv. Co. of Del., Inc.*), 335 F.3d 243, 249 (3d Cir. 2003) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 64 (1996)).

This means New Jersey is amenable to private suit in federal court only to the extent it has waived or Congress has abrogated its immunity, neither of which occurred here. Tonge suggests he can vindicate his rights under the Fourteenth Amendment, but

---

[1] In the District Court, Tonge asserted jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. Since this case comes to us on a motion to dismiss, we accept as true Tonge's well-pleaded factual allegations, and "review *de novo* the legal grounds underpinning [Defendants'] claim of . . . [Eleventh Amendment] immunity." *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (citations omitted).

3

the ratification of that amendment did not itself open the States up to suit. Rather, Section 5 of the Fourteenth Amendment empowered Congress to abrogate New Jersey's Eleventh Amendment immunity, but it has not done so with respect to Tonge's claims. *See Karns*, 879 F.3d at 519 (citations omitted) (noting that States are not "persons" for purposes of 42 U.S.C. § 1983).

Nor may Tonge sue the Commission in federal court. In addition to States themselves, the Eleventh Amendment also protects "those entities that are so intertwined with them as to render them 'arms of the state.'" *Id.* at 512–13 (citation omitted). We have little trouble concluding that the Commission, a division of the New Jersey Department of Insurance—the members of which are appointed and removable by the Governor of New Jersey, N.J. STAT. ANN. § 45:15-5, and the surplus revenues of which flow to the state treasury, *id.* § 45:1-3—is an arm of the State of New Jersey for Eleventh Amendment purposes. *See Karns*, 879 F.3d at 512–19.

Finally, Tonge contends he should have been allowed to amend his complaint a second time to add claims against Commission officials in their individual capacities. It is settled law that a District Court does not abuse its discretion in denying leave to amend where the plaintiff makes a cursory request without providing a proposed amended complaint. *Ramsgate Court Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002). Tonge requested a second chance to replead only in passing at oral argument, stating that "an amendment is not futile, because we could add the state officials." Supp. App. 69. Absent more, the Court "had nothing upon which to exercise

4

its discretion," and we will not disturb its decision to deny leave to amend. *Ramsgate*, 313 F.3d at 161.

*    *    *

Because we will affirm the dismissal of Tonge's complaint on Eleventh Amendment grounds, we do not reach the separate question of whether it was also barred by *Rooker-Feldman*.