**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3383
_____

EDITH FARINA; EMILIO FARINA,
                                                        Appellants

v.

THE BANK OF NEW YORK,
as trustee for the CHL Mortgage Pass-Through Trust 2007-8;
RESIDENTIAL CREDIT SOLUTIONS, INC.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
DOES 1-10, inclusive
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-03395)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2023

Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edith and Emilio Farina appeal the District Court's orders dismissing their complaint and denying their motion to alter or amend the judgment. For the reasons below, we will affirm the District Court's judgment.

The procedural history and factual background of the case are well known to the parties, set forth in the District Court's memorandum opinions, and need not be discussed at length. Briefly, Appellee Bank of New York filed a foreclosure action against the Farinas in state court. After the state court granted summary judgment against the Farinas, but before the foreclosure action was finalized, they filed a complaint in the District Court in which they requested declaratory relief regarding who had standing to foreclose on the property. Appellees filed motions to dismiss. After a hearing, the District Court dismissed the case based on the Colorado River abstention doctrine. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). The Farinas appealed. We vacated and remanded the matter, concluding that abstention was not a proper basis for dismissal. In doing so, we noted that our holding was narrow. "We do not hold that, on remand, the case must necessarily survive dismissal. The District Court retains its unique and substantial discretion under the [Declaratory Judgment Act (DJA)] to decline jurisdiction." See Farina v. Bank of New York as trustee for CHL Mortg. Pass-Through Tr. 2007-8, No. 15-3679, 2021 WL 4439250, at *3 (3d Cir. Sept. 28, 2021).

On remand, Appellees renewed their motions to dismiss, and the Farinas sought to amend their complaint. The District Court declined to exercise its jurisdiction under the DJA, granted the motions to dismiss, and denied the Farina's motion to amend. The

2

Farinas then filed a motion to alter or amend the judgment which the District Court

denied. They filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C.

§ 1291.

Declaratory Judgment Act

We review the District Court's decision to decline to exercise its jurisdiction under

the DJA for an abuse of discretion. DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.,

10 F.4th 192, 202 (3d Cir. 2021). The District Court began its analysis by noting that the

Farinas were simply seeking to indirectly and improperly appeal the state court's

decisions. It also observed that it would be uneconomical for it to address the same state-

law issues as those presented in the state court action, see Farina, 2021 WL 4439250 at

*3 (noting that "avoiding piecemeal litigation could be a basis to decline jurisdiction

under the DJA"), and determined that the public interest would not be served by federal

court action here because state courts are clearly able to handle foreclosure actions under

state law. It concluded its analysis by explaining that the doctrine of collateral estoppel

weighed against the Farinas being allowed to relitigate an issue decided by another

forum.

The only argument raised by the Farinas in their brief on this issue[1] is their

assertion that the state court action was dismissed and that this strengthens their

---

[1] In their brief, the Farinas ask that we incorporate the arguments from their opposition to the motions to dismiss filed in the District Court by reference and take judicial notice as to where their arguments differ from the District Court's conclusions. We decline to do so. We do not consider undeveloped arguments or those not properly raised and discussed in a brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-

arguments in favor of the District Court exercising jurisdiction. However, they fail to explain how this dismissal should be considered in the DJA analysis. Regardless of whether the state court action is still pending, the state court has already decided the issue on which the Farinas sought declaratory relief: whether the Bank of New York had standing to foreclose on the property. Moreover, the pendency of the state action was but one factor considered by the District Court. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 146 (3d Cir. 2014) (explaining that "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider"). The District Court considered the relevant factors, see Reifer, 751 F.3d at 146, and did not abuse its discretion in declining to exercise jurisdiction under the DJA.[2]

---

developed arguments or those not properly raised and discussed in the appellate briefing."); Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal"). And we will not search through their District Court filings to make arguments for them. See Chi. Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 630 (7th Cir. 2003) (stating that incorporation by reference is not a valid method to raise arguments on appeal); Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 452 (6th Cir. 2003) (disallowing incorporation of arguments by reference); DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

[2] The Farinas argue that the District Court improperly applied the standard for motions to dismiss. However, the District Court here did not dismiss their complaint for failure to state a claim or for lack of subject-matter jurisdiction. Nor did it, as the Farinas contend, convert the motion to dismiss to one for summary judgment. Rather, as discussed above, it declined to exercise its jurisdiction under the DJA.

Motion to Amend

We review the District Court's denial of the motion to amend for an abuse of discretion. See U.S. ex rel. Zizic v. Q2Administrators, LLC, 728 F.3d 228, 243 (3d Cir. 2013); see also Fed. R. Civ. P. 15(a)(2) (providing that, after time to amend has expired, party may amend with consent of opposing party or leave of court, which should be given when justice requires).

The District Court denied the Farinas' motion to amend because they did not include a proposed amended complaint with their motion. In their motion to amend, they explained that they intentionally did not attach a proposed amended complaint because they expected that the District Court's ruling on their motion for declaratory relief would narrow down the parties they would be suing. See ECF #84 at 1 (stating that "we intentionally are waiting to see who we should proceed against based on the court's guidance").

On appeal, the Farinas argue that Local Rule 15.1 allows the District Court to excuse them from attaching a proposed amended complaint and that they sought to be excused. See Rule 15.1(a) of the Local Rules of the United States District Court for the District of New Jersey (providing that "Except as provided in section (b) of this Rule, or as may be excused by the Court, a party who seeks leave to amend a pleading . . . shall attach to the motion: (1) a copy of the proposed amended pleading). However, that the District Court could excuse the omission does not mean that it was obligated to do so. The District Court chose not to excuse them from attaching the proposed amended complaint, and, under the circumstances, it did not abuse its discretion by doing so or by

denying their motion to amend. See Zizic, 728 F.3d at 243 (noting that a failure to attach a proposed amended complaint is fatal to a motion to amend); Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 206 (3d Cir. 2006) (same); Ramsgate Ct. Townhome Ass'n v. W. Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002) (same). The District Court was not obligated to provide "guidance" to aid the Farinas with drafting their amended complaint. See Pliler v. Ford, 542 U.S. 225, 231 (2004) (noting that "District judges have no obligation to act as counsel or paralegal to *pro se* litigants").

Motion to Alter or Amend the Judgment

The Farinas challenge the District Court's denial of their motion to alter or amend the judgment. We review the denial of a motion to alter or amend the judgment for an abuse of discretion. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In a motion to alter or amend the judgment, a party must show "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

On appeal, the Farinas argue that the District Court disregarded the "substantial well established case law" they cited in their Rule 59(e) motion. Br. at 20. They then discuss caselaw related to arguments about their mortgage which were not relevant to the District Court's decision to decline to exercise its jurisdiction or to deny leave to amend. They briefly note their disagreement with the District Court's determination that the public interest would not be served by its exercise of discretion under the DJA but point to no clear legal error in that determination. Moreover, the public interest factor was but

6

one factor the District Court considered in its decision.  The District Court did not abuse its discretion in denying the motion to alter or amend the judgment.

Motion to strike

While the motion to alter or amend was pending, the Farinas filed a motion to strike.  They focused on the details of their underlying mortgage claims and requested that several filings of the Appellees be struck pursuant to Fed. R. Civ. P. 12(f), including "anything [opposing counsel] relied on from the state documents that were proven to be false," all certifications by the attorneys, and all references to the assignment of the mortgage and the Loan.  ECF #100 at 15-16.  After the District Court denied the motion to alter or amend, it denied the motion to strike as moot.  In their brief, the Farinas do not discuss the denial of the motion to strike beyond mentioning that it was not opposed and stating that the order should be reversed and remanded.  Br. at 7.  As noted above, we do not consider undeveloped arguments or those not properly raised and discussed in a brief. See Barna, 877 F.3d at 145-46; Doeblers' Pa. Hybrids, Inc., 442 F.3d at 821 n.10.

Conclusion

For the above reasons, we will affirm the District Court's judgment.  The Farinas' motion for sanctions is denied.  Their motion for leave to file exhibits in support of their reply brief and motion to file an overlong reply brief are granted.

7